[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The parties to this marriage were married in North Branford, Connecticut on May 17, 1997, and they have been separated since October 1998. They have one minor child issue of the marriage, to wit: ANTHONY RICHARD BENEVIDES, born July 6, 1995. The child lives with the defendant wife. The father maintains contact with the boy through Sunday visitation, however, the defendant testified that the father does not always exercise his visitation rights. The defendant seeks sole custody of the minor child, while the plaintiff seeks joint custody and more time on Sunday for visitation. Since the parties' separation the plaintiff has failed to provide any child support, and the defendant has had to rely upon State Assistance since March of this year. Both parties are represented by counsel, and there is an appearance by the Office of the Attorney General.
The plaintiff husband is thirty-four (34) years of age and is in apparent good health. He has a high school education and he is currently employed as a transmission specialist at Stop Go Transmission in Milford, Connecticut. His affidavit shows gross income of $450.00 per week, however, that amount is disputed by the defendant. The plaintiff testified that he works a five-day, forty hour week with no overtime or Saturday work, and that, according to his Financial Affidavit, his hourly rate is approximately $11.25 per hour. The defendant testified that during the time that they were living together his employer regularly supplemented her husband's weekly check with $600.00 cash which she deposited in the bank. This practice stopped a few months before he left the family home. In addition, the defendant testified that her husband regularly took on side jobs, earning substantial extra income. While the plaintiff initially denied that he did so, stating that his employer "discouraged" side work, upon further questioning, he did admit to approximately $1,000.00 annually. Specifically, he admitted to between CT Page 9058 two and three brake jobs per month at about $30.00 each. The defendant also offered testimony that she had personal knowledge that her husband worked on Saturdays, and further offered the opinion that as a transmission specialist (as opposed to an auto mechanic) that he commanded more on the order of twenty-five dollars per hour. Furthermore, she testified that many of the side jobs involved major transmission work, and not just the simple brake jobs as admitted by the plaintiff. The plaintiff testified that his employer provides health insurance for the minor child.
The defendant wife is thirty-three (33) years of age and is currently unemployed. She is also in apparent good health, and she testified that she has three other children by other parties, although she stated that she had only been married once. She had previously worked in the Quality Control Department at U.S. Surgical at $300.00 per week, but was laid off and is currently receiving unemployment compensation in addition to State Assistance. The plaintiff did not complete high school.
As to the breakdown of the marriage, both parties admitted to some drug use, in particular cocaine. Both stated categorically that they had stopped using. In addition, the plaintiff complained that the defendant has a drinking problem, which has resulted in some marital violence.
The parties own no real estate and have very little personal property between them. The plaintiff testified that he took some personal belongings with him when he left, but that he left behind a toolbox, workbench, and an air compressor. There is some question as to whether or not these items still exist. The parties had an Astro Van which the plaintiff sold, basically to satisfy the outstanding loan balance in the amount of $13,000.00, for which the monthly payments were $360.00. The plaintiff admitted that filed a loan application in connection with the purchase of that vehicle in which he listed his income at between $800.00 and $900.00 per week, which is substantially in excess of the $450.00 per week shown on his Financial Affidavit filed with this Court, and that this higher figure was verified to the lender by his current employer. There was conflicting testimony regarding a 1980 Camaro which the plaintiff purchased for $150.00 to fix up and race, and in which he put approximately $2,500.00. This was also sold. Neither party shows any substantial debt on their financial affidavits, other than a credit card balance in the amount of $2,800.00 to Orchard Bank as shown on the plaintiff's affidavit, and two utility bills.
 FINDINGS
The Court, having heard the testimony of both parties, and having considered the evidence presented at trial, including the partial CT Page 9059 Agreement of the parties, as well as the factors enumerated in Sections46b-81, 46b-82, 46b-84, and 46b-215a of the Connecticut General Statutes, as well as the Child Support and Arrearage Guidelines Regulations, hereby makes the following findings:
1. That it has jurisdiction.
2. That the facts of the Complaint are proven and are true.
3. That the marriage of the parties has broken down irretrievably, and that ample evidence exists that both parties have contributed to the breakdown, although the plaintiff must bear the greater share of the blame.
4. That the Court finds the testimony of the defendant to be more credible as to the actual earnings of the plaintiff husband, in that:
a. The plaintiff has a history of working Saturdays;
b. The plaintiff has a history of substantial side work;
c. The plaintiff has a history of received a substantial portion of his wages in cash;
d. The plaintiff filed an application for a car loan using a substantially higher income figure; and
e. The plaintiff's skill and experience as a transmission specialist.
5. That based upon the testimony of the plaintiff that, in addition to his regular wages, he earns a minimum of $1,000.00 per annum performing side work.
6. That the Court finds that the earning capacity of the plaintiff from basic employment is $720.00 per week (40 hrs. x $18.00), $135.00 per week for overtime (5 hrs. x $27.00), and $19.23 per week for side work ($1,000.00/52) for a total of $874.23 per week.
7. That based upon the plaintiff's earnings on shown on his financial affidavit and as supplemented by his testimony regarding side work, that the presumptive level of child support would be $67.00. However, that based upon the earning capacity of the plaintiff ($874.23), the Court finds that it would be equitable and appropriate to deviate from the Guidelines, in particular, on the basis of Section 46b-215a-3 (b)(1)(B) of the Child Support and Arrearage Guidelines Regulations, in that the plaintiff has an earning capacity well in excess of the income as CT Page 9060 reported on his Financial Affidavit, and that based upon same, the appropriate level of basic child support is $150.00 per week.
8. That, as of June 14, 2000, there is an arrearage due to the State of Connecticut in the amount of $1,248.00 as and for child support.
ORDER
IT IS HEREBY ORDERED THAT:
1. The marriage of the parties is dissolved on the grounds of irretrievable breakdown, and they are each hereby declared to be single and unmarried.
2. The defendant mother shall have sole custody of the minor child, ANTHONY RICHARD BENEVIDES, born July 6, 1995, subject to the rights of reasonable, liberal and flexible visitation for the plaintiff father. Initial visitation with the father shall be every Sunday from 11:00 A.M. to 7:00 PM and at such other times as the parties may agree. In the event that parties are unable to agree upon any issue regarding appropriate visitation, they shall first bring the matter to the Family Relations Office prior to filing with the Court.
3. Commencing July 7, 2000, and weekly thereafter, the plaintiff shall pay to the defendant the sum of $150.00 as and for periodic alimony until the death of either party, the remarriage of the defendant, or July 7, 2001, whichever shall sooner occur.
4. Commencing July 7, 2000, and weekly thereafter, the plaintiff shall pay to the defendant the sum of $150.00 as and for child support for the minor child. In the event that child is still in high school upon reaching his eighteenth birthday, then in that event, any child support order shall continue until the child reaches the age of nineteen years or the first day of the first month following his graduation from high school, whichever shall sooner occur pursuant to Section 46b-84(b) C.G.S.
5. The defendant shall be entitled to receive the proceeds, if any, from her pending personal injury claim free and clear of any claims by the plaintiff. However, in the event that any proceeds are received by the defendant, the plaintiff shall be allowed to introduce evidence of same for the Court's consideration in any future motion for modification of alimony and/or child support.
6. The plaintiff shall be responsible for the credit card debt to Orchard Bank in the amount of $2800.00 as shown on his financial affidavit, as CT Page 9061 well as the United Illuminating Company bill in the amount of $450.00 as shown on the defendant's financial affidavit. The defendant shall be responsible for the debt to Yankee gas in the amount of $500.00 as shown on her financial affidavit. Each shall indemnify and hold the other harmless from any further liability from the debts as assigned to them by this order.
7. The plaintiff shall be entitled to keep the 1984 Pontiac, subject to any indebtedness thereon, free and clear any claims by the defendant. He shall indemnify and hold her harmless from any indebtedness thereon.
8. The plaintiff shall maintain health insurance (HealthChoice of Connecticut — Policy #201801) for the minor child through his employment. In the event that such insurance is not available through his employment, then, in that event, he shall obtain and maintain equivalent coverage for the minor child. In the event that child is still in high school upon reaching his eighteenth birthday, then in that event, the plaintiff's obligation to maintain such insurance shall continue until the child reaches the age of nineteen years or the first day of the first month following his graduation from high school, whichever shall sooner occur, pursuant to Section 46b-84(b) C.G.S. All un-reimbursed medical, dental, optical, pharmaceutical, orthodontic, psychiatric, psychological, and counseling expenses for the minor child shall be paid 70% by the plaintiff and 30% by the defendant.
9. The plaintiff shall be entitled to keep his IRA with Phoenix Insurance established through his employer free and clear of any claims by the defendant.
10. Each party shall be responsible for the payment of their own legal-fees and costs incurred in this action.
11. Commencing July 7, 2000, the plaintiff shall pay to the State of Connecticut the sum of $10.00 per week until the arrearage of $1,248.00 is paid in full.
12. The plaintiff shall be entitled to claim the dependency exemption for the minor child so long as he is current in his child support payments, and the defendant shall cooperate with him in the timely execution and filing of any necessary documents.
13. An immediate wage withholding order shall enter pursuant to Section52-362 C.G.S. in order to secure the alimony and child support orders of this Court, including any arrearage payments to the State of Connecticut. To the extent, if any, that the total alimony, support, and arrearage order, exceeds the maximum allowable wage withholding under CT Page 9062 state and/or federal law, any amounts withheld shall first be applied toward the arrearage payment to the State of Connecticut, next to child support, and then toward alimony. As to the balance due and owing under these orders, if any, it shall continue to be the obligation of the plaintiff to make such payment to the State of Connecticut on behalf of the defendant, by check of money order; in a timely fashion in accordance herewith, until further order of this Court.
THE COURT
By Shay, J.